SANDIFER HOGGATT *v.* MARTHA A. GIBBS, Tutrix.

The will of *N. H.* contained the following clause : " *I give, devise and bequeath to the legitimate children of my son Anthony, who may be living at the time of his death, and the legal descendants of such as may previously die, in such portions as my son Anthony may by deed or will appoint, and in default of such appointment, in equal portions, the descendants of any deceased child taking but one share, all the lands, slaves and movable effects belonging to me in the parish of Madison, in the State of Louisiana, or which may be thereon at the time of my death ; and I appoint my son Anthony guardian of his said children, and will and require that he shall manage and control said lands, slaves, and movable effects to the best advantage of said children, and with the income thereof provide for the genteel support and liberal education of said children and their descendants, according to his judgment and discretion. I further will and devise, that, as such of said children shall arrive at the age of twenty-one years, or marry, that said Anthony shall set apart and give the usufruct of a portion of such property to such child, to such amount as he may deem just, after which he shall not be accountable for the receipt or disbursement of the income of such property, so set apart, nor for the support of the child so advanced. I wish it well understood, that if Anthony should die before his children arrive at the age required by this will to take charge of the property, in that case, I wish my executors to take charge of every species of property herein mentioned for my son Anthony's children, and act according to this will. Also, I give and bequeath to Anthony's children, at his death, all that plantation on which he now resides, in Adams County, which I purchased from William P. Grayson and others, and all the slaves and personal effects which may be permanently settled thereon and under his control at the time of my death. I wish it well understood, that all the property mentioned in this will for my son Anthony's children, goes to them and their descendants forever.*" Held : That the interest of *Anthony*'s children depended on the previous demise of their father, and the title did not vest in the children or descendants of *Anthony* at the death of the testator, and that the disposition was a prohibited substitution.*

A disposition in a will, which is reprobated by law, such as a substitution, is not susceptible of confirmation or ratification.

Children being forced heirs, claim not merely as the representatives of their ancestor, but from the law, and may allege and prove by parol fraud or simulation vitiating the acts of their ancestor.

Conditions inserted in donations, which are contrary to law or to morals, are reputed not written.

Money received by one of the heirs in the distribution of the succession of the deceased ancestor in another State forms no part of the succession in Louisiana, and the heir is not bound to collate money thus received in a partition made in Louisiana of the Louisiana succession ; but where such money was received under a clause in the will making a donation of the amount to the heir on the illegal condition of the enforcement of a substitution in this State, the heir will not be allowed to take advantage of the legacy, and at the same time benefit by the repudiation of the illegal condition : in such case, there must be collation of the money received in another State.

APPEAL from the District Court of the Parish of Madison, *Farrar, J.*

Soulé, *H.* Gaither and Eustis, for plaintiff and appellant. Roselius, Snyder, Hynes and Shaw, for defendant.

VOORHIES, J. *Nathaniel Hoggatt,* a citizen of Mississippi, died possessed of a large estate, situated in Louisiana. In his will, which was admitted to probate in the former State, the following clause is to be found :

" *Item.* I give, devise and bequeath to the legitimate children of my son *Anthony*, who may be living at the time of his death, and the legal descendants of such as may previously die, in such portions as my son *Anthony* may by deed or will appoint, and in default of such appointment, in equal portions, the descendants of any deceased child taking but one share, all the lands, slaves and movable effects belonging to me in the parish of Madison, in the State of Louisiana, or which may be thereon at the time of my death ; and I appoint my son *Anthony* guardian of his said children, and will and require that he shall manage and control said lands, slaves and movable effects to the best advantage of said children, and with the income thereof provide for the genteel support and liberal educa-

tion of said children and their descendants, according to his judgment and discretion.

" I further will and devise, that, as such of said children shall arrive at the age of twenty-one years, or marry, that said *Anthony* shall set apart and give the usufruct of a portion of such property to such child, to such amount as he may deem just, after which he shall not be accountable for the receipt or disbursement of the income of such property, so set apart, nor for the support of the child so advanced. I wish it well understood, that if *Anthony* should die before his children arrive at the age required by this will to take charge of the property, in that case, I wish my executors to take charge of every species of property herein mentioned for my son *Anthony's* children, and act according to this will. Also, I give and bequeath to *Anthony's* children, at his death, all that plantation on which he now resides, in Adams county, which I purchased from *William P. Grayson* and others, and all the slaves and personal effects which may be permanently settled thereon and under his control at the time of my death. I wish it well understood, that all the property mentioned in this will for my son *Anthony's* children, goes to them and their descendants forever."

The plaintiff, claiming as heir to his deceased mother, *Agnes Hoggatt*, herself a forced heir of *Nathaniel Hoggatt*, deceased, sets up title to a share in the Louisiana estate of his grand father, and sues his co-heirs for a partition and settlement. He alleges that the above quoted clause in the will is null and void, because it contains a prohibited substitution ; and that, consequently, the whole disposition of the property is an absolute nullity.

The defendants plead several exceptions in bar of the plaintiff's action, and finally aver that a large portion of the property in question belongs in truth to the succession of *Anthony Hoggatt*, a deceased son of the testator, although it purports to belong to the latter. The deeds of sale from the son to the father are then charged to be simulated and fraudulent, and to have been entered for the sole purpose of defeating the marital rights of *Mrs. Anthony Hoggatt*, the mother, and presently the tutrix, of the minors defendants in this cause.

1. The will of the testator contains a prohibited substitution, patent upon the face of the instrument.

There is a distinct charge imposed on *Anthony Hoggatt* to preserve the property for his children during his natural life, for the avowed purpose of returning it to them after his death, in such proportions as he might determine. Their interest did not vest previous to his death. The legacy was made to those living, or whose children were living at that period of time. So that, if those who were alive at the date of the death of *Nathaniel Hoggatt*, had died in the interval, without leaving heirs of their body, and *Anthony* had had other children born subsequently, the latter would be entitled to the legacy. The will is precise in all these respects ; and *Anthony* was not only charged to assign the portions coming to his children and grandchildren respectively after his demise, but, when any became of age, he was directed to give to them some property in usufruct during his natural life. See the case of *Perrin, tutor,* v. *McMicken's Heirs,* ante, p. 154.

*Anthony Hoggatt*, under the will, was a *gravatus*, an interposed person, having the exclusive control and management during his natural life, without accountability to any one, not even his own children. Their interest, indeed, depended upon the contingency of the previous demise of their father. Admitting, as contended for by the defendant's counsel, that nothing had been given to *Anthony*

by the clause under consideration, the disposition is not the less a substitution; for the intestate heirs of the deceased, *Nathaniel Hoggatt*. would be called upon to preserve the property for the children of *Anthony*, to return it to them under the terms of the legacy. " Toute substitution," says Marcadé, " sera nulle. Or quelles sont les dispositions que le Code prohibe sous ce nom ? Evidemment celles que prohibait la loi de 1792, celles que l'on appelait substitutions dans notre ancien droit; or on a toujours entendu par là toute charge de conserver jusqu'à la mort, pour transmettre alors à un tiers désigné, sans distinguer si le grevé recevait les biens par succession légitime ou par legs. Telle était la doctrine formelle des auteurs. Pothier disait : *Nous pouvons aussi grever de substitution nos héritiers ab intestat ; car ils sont censés tenir de nous ce que nous pouvions leur ôter.*" (Marcadé, vol. 3, p. 372 ; Pothier, Subst., sec. 4, art. 1, ½ 3, alin. 3.)

That portion of the will of *Nathaniel Hoggatt*, deceased, which contains the disposition of his Louisiana estate, being absolutely null and void, (C. C. 1507,) the plaintiff is consequently entitled to one undivided third of the whole property with the fruits derived since the death of the testator, and to effect a partition and settlement of the same.

II. The question of ratification raised by the defendants in bar of the plaintiff's action, has already been disposed of by this court on the former trial of this case. 12 An. 770. A disposition of property reprobated by law, such as a substitution, is not susceptible of confirmation or ratification. C. C. 2252 ; Marcadé, v. 5, p. 93.

III. The legacy of twenty thousand dollars made to the plaintiff's mother, and which she received from the Mississippi estate of the testator, was coupled with an illegal condition,—the enforcement of a substitution in this State. " In all dispositions *inter vivos* or *mortis causa*, impossible conditions, those which are contrary to the laws or to morals, are reputed not written." C. C. 1506 ; 7 An. 395 ; 8 An. 171 ; 10 An. 169, 466. The sum of twenty-five thousand dollars was received by the plaintiff's mother in the course of distribution of the intestate succession of *Nathaniel Hoggatt*, deceased, in the State of Mississippi. These two amounts, forming no part of the Louisiana succession, cannot be the object of collation in a partition made by our courts. *Atkinson* v. *Rogers*, 14 An. 633.

IV. The question next arises as to the validity and reality of the transfers or conveyances from *Anthony* to *Nathaniel Hoggatt*, and the right of the defendants to assail these deeds.

The children of *Anthony*, it is true, do not aver in so many words that the alienation was made in fraud of their rights as forced heirs ; but, by the pleadings, they appear to have that capacity. Furthermore, the property in controversy constitutes the whole Louisiana succession of their deceased father ; and, if not allowed to prove the simulation alleged, they are virtually disinherited. As forced heirs, they claim, not merely as the legal representatives of their ancestor, but from the law. They stand, to that extent, in the position of creditors, and may consequently allege and prove by parol the fraud or simulation vitiating the acts of their author.

Nor is there any inconsistency in the defence set up by the heirs of *Anthony Hoggatt*, deceased. The plaintiff alleges the nullity of their title under their grandfather's will. They answer that the will is valid ; and that, if the court decrees otherwise, a portion of the property covered by the legacy was held nominally by the testator, but was in reality theirs by inheritance ; that it belonged to their deceased father, who placed it in the name of *Nathaniel*, with the view of having it conveyed back to them in a more circuitous manner.

If we were to decide the question of simulation upon the evidence in the record, we could not but conclude that the simulation of the conveyance was intimately blended with the substitutionary legacy in the will; and that the simulated instrument was but part of the machinery by which the deceased father and son were attempting to subvert our laws of descent. On the other hand, upon a close inspection of the record, we think that the ends of justice will be subserved by not concluding the parties upon this branch of the case. The plaintiff, upon establishing the reality of the consideration stipulated by *Nathaniel* to *Anthony*, will be entitled to relief.

It is, therefore, ordered and decreed, that the judgment of the District Court be avoided and reversed; that the plaintiff do have judgment for an undivided third of the Louisiana succession of *Nathaniel Hoggatt*, deceased; that this cause be remanded for the purpose of making a partition and settlement of said succession between the heirs; that the clause of the will of *Nathaniel Hoggatt*, deceased, devising his Louisiana estate, be set aside and annulled; that the claim of collation for the items or sums of twenty thousand and twenty-five thousand dollars, be disallowed; and, finally, that the cause be remanded for further proceedings according to law, the appellees paying the costs of appeal.

---

## SAME CASE—ON A RE-HEARING.

VOORHIES, J. The judgment rendered in this cause must be amended in one respect.

The plaintiff should collate the sum of twenty thousand dollars, which had been bequeathed and paid over to his mother, on condition that she should renounce her rights in her father's Louisiana estate. Having received his share of this estate, it is but sheer justice that he should refund this amount, although the condition of the bequest was one intended to evade our laws. The plaintiff should not be allowed to take advantage of the legacy, and to benefit by the repudiation of the illegal condition.

It is, therefore, ordered, that the judgment pronounced by this court be amended so as to order the plaintiff to collate the sum of twenty thousand dollars bequeathed to and received by his deceased mother; and that, in other respects this judgment remain undisturbed.